UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

   Doug Gross Construction, Inc.,           Case No. 24-20166-PRW
                                                          Chapter 11

                          Debtor.

## DECISION AND ORDER
## OVERRULING THE OBJECTION OF THE UNITED STATES TRUSTEE
## TO THE DEBTOR'S APPLICATION TO EMPLOY
## LIPPES MATHIAS LLP AS GENERAL COUNSEL

PAUL R. WARREN, U.S.B.J.

In this Chapter 11, SubChapter V case, the Debtor filed an Application for authority to employ Lippes Mathias as its General Counsel.[1] (ECF No. 66). At the request of the United States Trustee, Counsel filed a Supplemental Declaration in support of the Debtor's Application to employ. (ECF No. 69). In that supplemental submission, Counsel asserts "that, in order to check and clear any potential conflicts of interest, prior to the Filing, Lippes Mathias researched its client database to determine the existence of any relationships with, or conflicts of interest with respect to, any entities on the mailing matrix in this case." (*Id*. at ¶ 3). Based on that research, Counsel determined that it is a disinterested person, under 11 U.S.C. § 101(14). (*Id*. at ¶ 4). The UST then filed a Limited Objection to Debtor's Application to employ,

---

[1] The pre-petition merger of Andreozzi Bluestein and Lippes Mathias law firms, coupled with Counsel's failure to promptly provide clear, candid, and complete disclosure of the prior representation of both the corporate Debtor and Larry Knowles, the Debtor's principal, by the Andreozzi firm, created issues and raised questions that might have been avoided by Counsel's adherence to Rule 2014 FRBP. It should not have taken a series of objections by the UST, followed by a series of supplemental submissions, for Counsel to make full disclosure of seemingly simple facts.

requesting the Debtor's Application be denied until, among other things, all relevant information (concerning pre-petition payments made to the law firm) have been disclosed to the UST and the Court. (ECF No. 83). In response, Counsel filed a Further Supplemental Declaration, together with an attached spreadsheet detailing all pre-petition invoices and payments, addressing the issues raised by the UST in its Limited Objection.[2] (ECF No. 95). The UST then filed a Supplemental Objection requesting the Court disqualify Lippes Mathias from serving as counsel to the Debtor because of Lippes Mathias' alleged failure to disclose its *current* representation of the Debtor's principal, Larry Knowles, on tax matters and because Mr. Knowles is also a creditor of the Debtor. (ECF No. 97). In response, Counsel filed a Further Supplemental Declaration, indicating that Mr. Knowles was a *former* client of Andreozzi Bluestein concerning personal tax matters, which engagement was concluded prior to the merger of Andreozzi Bluestein with Lippes Mathias, and that no engagement was opened by Lippes Mathias for the representation of Mr. Knowles in any matter following the merger of the two firms. (ECF No. 99). No further submissions have been filed. The Court can now rule on the Application to employ Lippes Mathias.

## I.
## ISSUE

The issue before the Court is whether the Lippes Mathias firm is a "disinterested person," that does not hold or represent an interest adverse to the estate, under 11 U.S.C. § 327, such that Lippes Mathias can be permitted to serve as Counsel to the Debtor in this case. The answer is

---

[2] After reviewing the Limited Objection and Counsel's response, together with the spreadsheet accounting for all invoices rendered by the law firm and payments received from the Debtor or Mr. Knowles, it appears that the issues raised in the Limited Objection have been addressed satisfactorily.

2

Case 2-24-20166-PRW, Doc 108, Filed 06/13/24, Entered 06/13/24 15:27:06, Description: Main Document , Page 2 of 7

yes—although the road leading to this conclusion was made unnecessarily long and winding by the piece-meal manner in which Debtor's Counsel presented the facts.

## II.
## DISCUSSION

A. **§ 327(a) of the Code**

Under 11 U.S.C. § 327(a), the Debtor, with the Court's approval, may employ professional persons, "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).

### 1. *The "Adverse Interest" Prong*

Section 327 of the Code mandates that a professional retained by the Debtor "not hold or represent an interest adverse to the estate." 11 U.S.C. § 327(a). While the Code neither defines what it means to "hold or represent an interest adverse to the estate" nor provides a temporal framework to be applied, courts in this Circuit have held that section 327(a) "is not retrospective; courts only examine present interests when determining whether a party has an adverse interest." *See In re Black & White Stripes, LLC*, 623 B.R. 34, 50 (Bankr. S.D.N.Y. 2020) (citing *In re AroChem Corp.*, 176 F.3d 610, 623-24 (2d Cir. 1999)). "[T]he adverse interest test is objective and precludes 'any interest or relationship, however slight, that would even faintly color the independence and impartial attitudes required by the Code and Bankruptcy Rules.'" *In re Black & White Stripes, LLC,* 623 B.R. 34 at 50 (quoting *In re Granite Partners, L.P.*, 219 B.R. 22, at 33 (Bankr. S.D.N.Y. 1998)). A determination as to whether an adverse interest exists involves a fact-specific inquiry. *In re Black & White Stripes, LLC,* 623 B.R. at 50.

The UST's objection is that Lippes Mathias currently represents the Debtor's principal, Mr. Knowles. (ECF No. 97). In response to the that objection, Counsel (finally) made it clear that Lippes Mathias does not currently, and has not ever, represented Mr. Knowles. (ECF No. 99

3

¶¶ 3-4). Instead, the Andreozzi Bluestein firm had previously represented both the Debtor and Mr. Knowles on certain tax matters. However, the representation of Mr. Knowles was concluded before Andreozzi Bluestein merged with Lippes Mathias and before this case was filed by the Debtor. (*Id*. at ¶ 5).

The mere fact that Andreozzi Bluestein previously represented the Debtor's principal (on a tax matter) does not, by itself, disqualify Lippes Mathias (post-merger) from representing the Debtor in this bankruptcy case. Section 327(a) of the Code looks to a professional's present adverse interests. *See In re Black & White Stripes, LLC,* 623 B.R. 34, at 50. Therefore, even if Andreozzi Bluestein did, at one point in the past, represent Mr. Knowles personally, the Court finds that because that engagement had been concluded pre-petition (and pre-merger), Lippes Mathias does not hold or represent an interest that is adverse to the estate for purposes of section 327(a).

### 2. *The "Disinterested Professional Person" Prong*

The term "disinterested person" is defined in 11 U.S.C. § 101(14) as "a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Section § 101(14) of the Code "creates certain *per se* grounds for disqualifying a professional." 3 Collier on Bankruptcy ¶ 327.04[2][a] (16th ed. 2022). Here, § 101(14)(A) and (B) are not relevant. The Second Circuit has held that, to run afoul of the definition of "disinterested person" under 11 U.S.C. § 101(14)(E)—now § 101(14)(C)—the proposed professional *personally* must have a "prohibited interest." *See In re AroChem Corp.*, 176 F.3d 610, at 629 (2d

4

Cir. 1999). In *AroChem*, the Second Circuit found that the professional firm proposed to be employed by the Debtor was "disinterested," in part, because the firm no longer represented a creditor's interest. *Id*. at 623-24. Here, Lippes Mathias is disinterested under the test established by 11 U.S.C. § 101(14)(C) because it does not represent Mr. Knowles in any respect.

### B. Actual Conflict of Interest under § 327(c)

As a further basis for requesting that the Court disqualify Lippes Mathias from being employed as Counsel to the Debtor, the UST argues that "Knowles is a creditor of the Debtor, and his interests are adverse to the estate." (ECF No. 97, at 8). The UST's argument is based on the fact that Mr. Knowles lent the Debtor $40,000 to fund the current bankruptcy case.[3] (*Id*.)

Under section 327(c) of the Code, "a professional person's previous or concurrent employment by or representation of a creditor is not, by itself, a bar to employment by the [Debtor] absent an *actual* conflict of interest." 3 Collier on Bankruptcy ¶ 327.04[7] (16th ed. 2022). Accordingly, while the Code authorizes the estate's retention of an attorney whose client "is or was a creditor, it does not authorize representation of that creditor vis-à-vis any asserted claim against the estate." *Id*. at ¶ 327.04[7][a].

While Lippes Mathias does not deny that Andreozzi Bluestein represented Mr. Knowles for individual tax matters in the past, that representation was concluded before merging with Lippes Mathias. (ECF No. 99 ¶¶ 4-5). Evidence of that fact is demonstrated by Lippes Mathias' pre-engagement retainer letter to Mr. Knowles, dated February 29, 2024. (*Id.* at Ex. A). The retainer letter makes it clear that Lippes Mathias is representing the Debtor, not Mr. Knowles.

---

[3] Section 101(10) of the Code states, in relevant part, that "creditor" means—(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A).

5

(*Id.*). The letter suggests that Mr. Knowles, as the Debtor's principal, "consider separate counsel to represent you, personally." (*Id*.).

While it is not contested that Mr. Knowles is a creditor of the Debtor and that Andreozzi Bluestein represented Mr. Knowles personally for a prior tax matter, that engagement was concluded before the two law firms merged and before Lippes Mathias undertook its representation of the Debtor. No actual conflict of interest exists as a result of Lippes Mathias representation of the Debtor.

C. **Disclosure under Rule 2014 FRBP**

Rule 2014 FRBP mandates the candid and voluntary disclosure of potential conflicts of interest in connection with a professional's retention in a case. While Counsel failed to promptly disclose that Andreozzi Bluestein had previously represented Mr. Knowles individually, Counsel did eventually disclose and clarify that information in his second supplemental response to the UST's objection. (ECF No. 99).[4]

The UST requests that the Court deny the Debtor's application to employ Lippes Mathias and disqualify the firm from serving as counsel to the Debtor. (ECF No. 97). While the Court does not take lightly Counsel's failure to fully and candidly disclose Andreozzi Bluestein's prior representation of Mr. Knowles from the get-go, the Court is mindful of the severity of ordering the disqualification of counsel of the Debtor's choice. The Second Circuit has held that "a client's right freely to choose his counsel" must be balanced against "the need to maintain the highest standards of the profession." *See Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream,*

---

[4] Counsel would do well to provide complete and candid disclosure in future applications to be employed as a professional, and not in dribs-and-drabs sprinkled throughout a series of "supplemental" submissions. It should not take multiple rounds of objections by the UST to pull the complete facts out of Counsel. And, policing disclosures under Rule 2014 should not require the Court to play judicial whack-a-mole.

409 F.3d 127, 132 (2d Cir. 2005) (citations omitted); *see also In re Persaud,* 467 B.R. 26, 40 (Bankr. E.D.N.Y. 2012). The *Persaud* Court noted that disqualification is rare "because disqualification interferes with the attorney-client relationship and is at odds with a client's right to select counsel of his or her choosing." *Id.* at 37. This Court agrees that disqualification is a remedy to be applied sparingly and only where absolutely necessary. Disqualification is not necessary here.

## III.

## CONCLUSION

The Debtor's Application to Employ Lippes Mathias as General Counsel is **GRANTED**, under 11 U.S.C. § 327. As a result, the UST's objection to the Debtor's Application is **OVERRULED**.

**IT IS SO ORDERED**.

DATED: June 13, 2024  
      Rochester, New York

/s/  
HONORABLE PAUL R. WARREN  
United States Bankruptcy Judge